IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PEARLA STILLWATER,                                Civ. No. 07-941-AA
                                                  OPINION AND ORDER
    Plaintiff,

        v.

Commissioner of Social Security,

    Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, OR 97045
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

Daphne Banay
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Pearla Stillwater seeks judicial review of the Social Security Commissioner's final decision denying her application for supplemental security income (SSI) disability benefits under Title XVI of the Social Security Act (the Act). See 42 U.S.C. §§ 1381-1383f. The Commissioner's decision is affirmed.

## BACKGROUND

On February 5, 2001, plaintiff filed an application for SSI benefits. Tr. 19, 114-16. After plaintiff's application was denied initially and on reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 39-51. The ALJ conducted hearings on June 10, 2003, September 3, 2003, and January 21, 2004. Tr. 885-956. On February 12, 2004, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 579-96. On August 5, 2005, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. Tr. 606-08.

On December 20, 2005, plaintiff and a vocational expert appeared and testified before an ALJ. Tr. 957-992. On February 17, 2006, the ALJ issued a decision again finding plaintiff not disabled within the meaning of the Act. Tr. 16-38. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 8-10.

At the time of the ALJ's decision, plaintiff was fifty-one

years old, with a college and law school education and past relevant work as a retail and photo shop cashier and grocery store cleaner. Tr. 20, 114, 146, 978, 984. Plaintiff alleges disability since May 1, 1995 due to back pain, sciatica, and diabetes. Tr. 20, 114, 140.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a sequential evaluation process of up to five steps to determine whether a person is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 21; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff has medically determinable impairments of vestibular dysfunction, diabetes, back pain, and obesity, but that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr.

3    - OPINION AND ORDER

21, 27-28; 20 C.F.R. § 416.920(c),(d). Thus, the inquiry proceeded to step four.

At step four, the Commissioner assesses the claimant's residual functional capacity (RFC) to determine whether the claimant can perform past relevant work. The Commissioner must determine the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed by documented impairments. 20 CFR §§ 416.920(e), 416.945. Here, the ALJ found that plaintiff retained the ability to perform a limited range of light work. Tr. 35-36. Specifically, the ALJ found that plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally, and sit, stand and/or walk for six hours in an eight-hour work day. Tr. 35, 383-88, 982. Finally, the ALJ found that plaintiff was limited in her ability to climb, stoop, kneel, crouch, and crawl. Tr. 37. Based on this RFC assessment and the testimony of a vocational expert, the ALJ found that plaintiff could perform her past relevant work as a cashier. Tr. 36-37.

At step five, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experience. Yuckert, 482 U.S. at 141-142; Tackett v. Apfel, 180 F.3d 1094, 1098-89 (9th Cir. 1999); 20 C.F.R. § 416.920(f). If the Commissioner meets this burden, the

claimant is not disabled. 20 CFR § 416.966. Here, the ALJ found that plaintiff was able to perform her past relevant work at step four and did not proceed to step five. Accordingly, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if proper legal standards were applied and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r for Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). The court must weigh both the evidence that supports and detracts from the Commissioner's conclusion. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Davis v. Heckler, 868 F.2d. 323, 326 (9th Cir. 1989)). The reviewing court "may not substitute its judgement for that of the Commissioner," and variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001); Magallanes, 881 F.2d at 750; see also Batson, 359 F.3d at 1193.

## DISCUSSION

Plaintiff contends that the ALJ erred in his determination of plaintiff's RFC, because he improperly assessed her credibility, the medical evidence, and lay witness testimony. Additionally, plaintiff argues that the ALJ erred in failing to find that she had

a severe mental impairment and failed to consider the effects of fatigue on her ability to work. Plaintiff argues that if her testimony and the opinions of treating and non-examining physicians are credited as true, she is entitled to disability benefits under the Act.

A. Plaintiff's Credibility

Plaintiff reported and testified that she has severe physical limitations and cannot work more than four hours per day due to mental and physical fatigue and constant pain, and that she must rest several times a day to control her pain and be able to function. Tr. 129-31, 226-31, 968-69. The ALJ found plaintiff's subjective complaints and their effect on her ability to work "generally not credible." Tr. 28. Specifically, the ALJ found that "[t]he medical evidence of record does not support the claimant's allegations that she is unable to perform basic work activities due to limitations resulting from her impairments. The claimant's allegations as to the intensity, persistence and limiting effects of these symptoms are disproportionate and not supported by any objective medical findings." Tr. 28. Thus, the ALJ rejected plaintiff's subjective complaints of pain and fatigue.

The Ninth Circuit first employs the Cotton test to assess a claimant's subjective complaints of pain, fatigue, and the like. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citing Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1996)). Under the

6   - OPINION AND ORDER

Cotton test, a claimant "must produce objective medical evidence of an impairment or impairments" and "show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." Id. at 1282. Once the Cotton test is met, the ALJ may not reject the alleged severity of the symptoms without specific findings supported by clear and convincing evidence of record. Id. at 1281, 1284.

In making such findings, the ALJ must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. Additionally, the ALJ may employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements by the claimant. Id.

Here, the ALJ found that plaintiff had severe impairments of diabetes, back pain, and obesity. Tr. 21. However, back pain is a symptom, not an impairment. Although plaintiff has reported symptoms of back pain, scant objective medical evidence in the record supports the existence of a back impairment that could reasonably be expected to produce some degree of pain. For

7   - OPINION AND ORDER

example, on October 6, 1998, an MRI of plaintiff's lumbar spine was normal. Tr. 397. On May 29, 2001, a spine x-ray revealed "localized spurring" at L3 and L4, Tr. 439, but a medical expert testified that this was a "mild degenerative change . . . that could well be seen in normal individuals." Tr. 950. Therefore, it is unclear if such spurring constitutes a back impairment that could reasonably be expected to cause pain.

Plaintiff cites no treating or examining physician, other than Dr. Greenburg, that rendered a diagnosis of a back impairment. While Dr. Greenburg diagnosed sciatica and chronic back pain, Tr. 483, he did not perform objective testing of plaintiff to arrive at such a diagnosis. In fact, Dr. Greenburg is an endocrinologist who primarily treated plaintiff's diabetes, and his diagnosis appears to be based on plaintiff's subjective complaints rather than objective testing. Finally, although plaintiff has sought treatment for various other complaints, the record reveals little evidence that plaintiff sought or received treatment for her alleged back pain. Tr. 698-717, 719-734; see Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995) (the "ALJ was entitled to draw an inference from the general lack of medical care for back problems"); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (claimant's failure to seek treatment "can cast doubt on the sincerity of the claimant's pain testimony").

Even if plaintiff has a severe back impairment, the ALJ's

reasons for discrediting her testimony regarding her pain, fatigue, and other alleged limitations are clear, convincing, and supported by evidence in the record.

First, the ALJ noted that plaintiff had not pursued vestibular rehabilitation or treatment for her alleged dizziness since 1999. Tr. 29. Given that plaintiff sought treatment for other symptoms during this time, the ALJ's finding that plaintiff's dizziness may not have been as limiting as she alleged is entitled to deference. Tr. 29; 698-717, 719-734.

Second, the ALJ noted that plaintiff claimed to require a walking stick, although no medical necessity for an assistive device was reflected in the record. Tr. 29. The ALJ also noted that "little to no objective evidence" supported her allegations of back pain. Tr. 29. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

In particular, the ALJ noted a 2001 medical assessment by Dr. Carvalho, who - after reviewing plaintiff's medical history and performing several strength and range of motion tests - found that plaintiff "can walk without difficulty. She can walk on her heels and toes. She can stand on one foot and then the other. Tandem walking is normal." Tr. 29, 437. Dr. Carvalho also found that
9   - OPINION AND ORDER

plaintiff was "able to rise, stand, and walk without an assistive device" and without using her walking stick. Tr. 438. Finally, Dr. Carvalho noted that "Waddell's torsion is positive. There is some discrepancy in the seated and supine position." Tr. 438. As noted by the ALJ, a positive Waddell's test places plaintiff's credibility in question. Tr. 25. Thus, based on Dr. Carvalho's assessment and the lack of evidence to support a severe impairment, the ALJ did not err in his consideration of the medical evidence when assessing plaintiff's credibility. Even if the medical evidence was susceptible to differing interpretations, the ALJ's findings are entitled to deference. Morgan, 169 F.3d at 599.

Next, the ALJ found that plaintiff's diabetes and obesity had been present for years, including the time during which plaintiff attended law school. Tr. 29. The ALJ found that the fact that these impairments did not prevent plaintiff from completing law school suggests that they would not preclude all work activity. Tr. 29. The ALJ also found that plaintiff had not been entirely compliant with recommended treatment to control her diabetes, particularly with respect to her diet and medication. Tr. 29-30. Plaintiff vigorously contests the ALJ's reliance on these factors, arguing that plaintiff has complied with treatment recommendations to the best of her ability, given plaintiff's financial situation and medical condition. Granted, plaintiff's completion of law school and compliance with recommended treatment are subject to

10   - OPINION AND ORDER

differing interpretations and may not, in isolation, support the ALJ's credibility finding. However, I do not find that the ALJ's interpretation renders his finding legally erroneous.

Finally, the ALJ discredited plaintiff's testimony based on her sporadic past work activity and her daily activities. Tr. 30. Plaintiff reported that she participates in water aerobics three to five days a week, rides an exercise bike, performs yoga, uses aerobic exercise machines, walks, rides public transportation, and grocery shops without assistance. Tr. 30, 969, 976, 978-80. I recognize that the Act does not require that claimants be incapacitated to be eligible for benefits, Fair, 885 F.2d at 603, because "many home activities are not transferable to a work environment where it might be impossible to rest periodically or take medication." Smolen, 80 F.3d at 1284, n.7. Here, however, the ALJ did not err in finding that plaintiff's activities were inconsistent with her allegations of constant and debilitating pain and fatigue.

In sum, I find that the ALJ provided legally sufficient reasons to support his determination that plaintiff's medical history and activities are inconsistent with the level of disability alleged. Accordingly, I find no error in the ALJ's credibility determination.

B. Medical Source Statements

Plaintiff contends the ALJ improperly evaluated the medical

11 - OPINION AND ORDER

evidence regarding her physical limitations. Specifically, plaintiff argues that the ALJ erred in rejecting in whole or in part the opinions and conclusions of Dr. Greenburg, a treating physician, and two non-examining medical experts.

The Ninth Circuit distinguishes among the opinions of three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The opinions of treating physicians are entitled to greater deference than those of examining physicians, and in turn, the opinions of examining physicians are entitled to greater weight than those of non-examining physicians. Id. at 830-31 & n.8. The terms "physician" includes psychologists and other health professionals. Id. at n.7.

If a treating or examining physician's opinion is uncontradicted, the ALJ must provide "clear and convincing" reasons to reject the physician's opinion supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). If contradicted, the ALJ must provide "specific and legitimate" reasons for rejecting a treating or examining physician's opinion. Id.; Lester, 81 F.3d at 830-31.

### 1. Dr. Greenburg

In December 2001, Dr. Greenburg, a treating physician,

12   - OPINION AND ORDER

indicated in a report that plaintiff was disabled due to her back pain. Tr. 462. Similarly, in a RFC assessment completed in March 2003, Dr. Greenburg stated that plaintiff had been diagnosed with diabetes, sciatica, and low back pain. Tr. 483. Also in this assessment, Dr. Greenburg identified various symptoms plaintiff experienced, including fatigue, general malaise, extremity pain and numbness, muscle weakness, loss of manual dexterity, bladder infections, concentration difficulties, abdominal pain, leg cramping, dizziness, swelling, hyper/hypoglycemic attacks, and nausea and vomiting. Tr. 485. Dr. Greenburg also stated that plaintiff should avoid all exposure to smoke, fumes, odors, dusts, and gases and must elevate her legs. Tr. 487-88. Dr. Greenburg noted that plaintiff had "widely fluctuating blood sugars," that she was not a malingerer and that her impairments were reasonably consistent with her symptoms and functional limitations. Tr. 485.

The ALJ gave the opinions and conclusions rendered by Dr. Greenburg no weight and did not include the stated limitations in his assessment of plaintiff's RFC. The ALJ gave several reasons to support his finding.

First, the ALJ discounted Dr. Greenburg's opinion because it was based in large part on plaintiff's subjective complaints. Tr. 32. A "physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been

13   - OPINION AND ORDER

'properly discounted.'" Morgan, 169 F.3d at 602 (quoting Fair, 885 F.2d at 605). Given that the ALJ did not err in his credibility determination, this finding supports his assessment of Dr. Greenburg's opinion.

Next, the ALJ found that Dr. Greenburg's clinical notes do not document, report, or reflect the complaints or limitations described in his assessment of plaintiff's abilities. Tr. 31-34. It is well established that an ALJ may reject a physician's opinion that is unsupported by clinical findings. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Magallanes, 881 F.2d at 751 ("The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. . . . For example, the ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical finding to support [its] conclusions.'") (quoting Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986)). Here, Dr. Greenburg provided no clinical support for the significant limitations he imposed, and many of his statements are contradicted by other medical evidence, such as the assessment performed by Dr. Carvalho. Further, the evidence of record does not include medical reports or findings that reflect limitations on

14   - OPINION AND ORDER

plaintiff's ability to sit, stand, walk, lift, or carry, or requirements regarding plaintiff's need to elevate her legs or avoid exposure to smoke, gases or fumes. Thus, the ALJ was not required to accept Dr. Greenburg's limitations, and I find no error in the ALJ's assessment of Dr. Greenburg's opinion.

2.  Medical Experts

Next, plaintiff argues that the ALJ erred in discrediting the opinion of two non-examining medical experts who opined that plaintiff was limited to sedentary work. Dr. James Haynes reviewed plaintiff's medical records and indicated that plaintiff was limited to sedentary work. Tr. 573-74. Further, at the administrative hearing, Dr. DeBolt was asked to comment on Dr. Haynes's assessment, and he testified that the noted limitations were "reasonable." Tr. 950. The ALJ discounted these opinions in favor of another non-examining physician, Dr. Eder, who opined that plaintiff could perform light work. Tr. 35, 383-88. The ALJ noted that the medical evidence reviewed by Drs. Haynes and DeBolt did not support a sedentary work restriction, given contrary assessments by other physicians. Further, the ALJ noted that Drs. Haynes and DeBolt relied on plaintiff's subjective complaints, which he found not credible. Tr. 570, 950.

Given the ALJ's credibility finding and the opinions of Drs. Carvalho and Eder, I find that the ALJ provided legally sufficient reasons to disregard the opinions of Drs. Haynes and DeBolt.

15   - OPINION AND ORDER

C.  Lay Witness Testimony

Plaintiff also argues that the ALJ improperly rejected the statements and testimony of several lay witnesses.  Family and friends of plaintiff reported and testified that she has difficulty communicating, needs assistance with daily living activities, appears to be in pain, and suffers from fatigue.  Tr. 158-69, 219-25, 295-97, 304-05, 649-56, 806, 809.

An ALJ must consider the statements of family and friends. Smolen, 80 F.3d at 1288.  "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Bilby v. Schweiker, 762 F.2d 716, 719 n.3 (9th Cir. 1985)).  The ALJ can reject the testimony of lay witnesses only by providing reasons germane to each witness.  Smolen, 80 F.3d at 1288; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ considered the testimony and reports of the lay witnesses and explained his reasoning for discounting them.  The ALJ generally found the witnesses credible in that they reported what they had seen and had been told by plaintiff.  Tr. 31. However, the ALJ found that the lay witnesses "lack[ed] the requisite medical expertise" to assess disability or plaintiff's residual functional capacity.  Tr. 31.  Further, the ALJ found that the medical evidence "from trained medical professionals" provided

a more reliable assessment of plaintiff's limitations.  Tr. 31.

An ALJ may disregard lay witness testimony or statements that conflict with medical evidence of record.  <u>Lewis v. Apfel</u>, 236 F.3d 503, 512 (9th Cir. 2001).  Given the conflicting medical evidence and the ALJ's credibility finding, I find that his reasons for discounting lay testimony were germane and legally sufficient.

### D.  Severe Mental Impairment

Plaintiff argues that the ALJ erred by finding that plaintiff does not suffer from a severe mental impairment at step two in the sequential evaluation process.

Plaintiff relies on the following evidence: 1) Dr. Greenburg told another physician to take her history slowly; 2) Dr. Greenburg opined that plaintiff has concentration and attention deficits due to her fluctuating blood sugars; 3) an interviewer found that plaintiff could only focus on one issue at time and had to repeat and reword statements; 4) a treating psychologist found that plaintiff's speech contained pauses and alternate phrases; 5) a treating physician reported that plaintiff's statements were not "fluid" on one occasion; and 6) plaintiff's testimony during the administrative hearings contained grammatical and syntactical errors.  None of the above establish a severe impairment supported by medical diagnosis or objective medical evidence in the record.

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that

17   - OPINION AND ORDER

has no more than a minimal effect on an individual's ability to work." Smolen, 80 F.3d at 1290 (citations omitted).  In other words, a severe impairment must have more than a minimal effect on a claimant's ability to perform work activities.

Here, plaintiff cites to no diagnosis in the record to support a severe mental impairment, and the medical record as a whole does not reflect a documented mental or cognitive impairment.  For example, on June 12, 2001, psychologist Joe Wood conducted a psychological evaluation of plaintiff and diagnosed no psychological or cognitive limitations, and his examination report reveals no psychological or cognitive difficulties.  Tr. 27, 440-42.  Similarly, a non-examining psychologist found no psychological disorder and noted that plaintiff had no history of mental health treatment.  Tr. 35, 381.  Finally, in her 2001 assessment, Dr. Carvalho reported that plaintiff has no trouble speaking or hearing.  Tr. 438.  Therefore, I find no error in the ALJ's findings at step two.

E.  Vocational Hypothetical

Finally, plaintiff argues that the ALJ failed to consider the effects of fatigue on plaintiff's ability to sustain work activity or include such limitation in his vocational hypothetical presented to the vocation expert.  An ALJ's hypothetical to a vocational expert must be "accurate, detailed, and supported by substantial evidence."  See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir.

2001). Given the ALJ's credibility finding and his assessment of the medical evidence, I find no error.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

DATED this __30__ day of September, 2008.

                               /s/ Ann Aiken
                                 Ann Aiken
                        United States District Judge